# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604


September 12, 2008

*Before*

Richard A. Posner, *Circuit Judge*

Kenneth F. Ripple, *Circuit Judge*

Daniel A. Manion, *Circuit Judge*


No. 07-1426

| | |
|---|---|
| CHRISTOPHER R. PAVEY,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>PATRICK CONLEY, ROBERT WATTS,<br>LAURENCE GROTT, et al.,<br>    *Defendants-Appellants*. | Appeal from the United States<br>District Court for the Northern<br>District of Indiana, South Bend<br>Division.<br><br>No. 03 C 662<br><br>Robert L. Miller, Jr., *Chief Judge*. |


## O R D E R

The slip opinion in this case, issued on June 5, 2008, is hereby amended as follows: The paragraph that begins on page 5 of the slip opinion ("The sequence to be followed…"), and the next paragraph, which is on page 6 ("We emphasize that…"), are replaced by the following:

The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the

judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

We emphasize that in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved. If merits discovery is allowed to begin before that resolution, the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will not be achieved. But we do not want to place the district courts of this circuit in a straitjacket. There may be exceptional cases in which expeditious resolution of the litigation requires that some discovery be permitted before the issue of exhaustion is resolved. The present case is one in which the exhaustion issue and the merits issue share common facts (the facts relating to the gravity of the injury to the plaintiff's arm), so that discovery targeted on exhaustion may well produce evidence or leads relating to the merits.